UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                          :

MARIA M. GONZALEZ-BLANCO,        :

                    Plaintiff,     :     11 Civ. 7139 (TPG)

           – against –        :     **OPINION**

BANK OF AMERICA, N.A., ET AL.,    :

                   Defendants.    :

                                            :
------------------------------------------------x

Defendants removed this case from Supreme Court, Bronx County on October 11, 2011 and moved to dismiss the complaint for failure to state a claim on October 18, 2011.  Plaintiff, appearing pro se, has opposed such dismissal.

The court remands the case to Supreme Court, Bronx County.

## BACKGROUND

Plaintiff filed a complaint in Supreme Court, Bronx County, in which she alleges that defendants failed to vacate a default judgment against her in violation of an order of the New York Civil Court, Bronx County.  It appears that plaintiff is claiming that the defendants did not promptly voluntarily dismiss their case in accordance with this alleged court order and that the defendants took more than five years to do so. Plaintiff claimed that her employment opportunities were damaged and that she was defamed when information about the default judgment was reported to credit reporting agencies.

Defendants removed this case on October 11, 2011, arguing that the complaint, when viewed "in a light most favorable to Plaintiff," arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("the FCRA"). Defendants then moved to dismiss the claim for failure to state a claim.

## DISCUSSION

Removing defendants have the burden of proving that removal is proper.  United Food & Commercial Workers Union Local 919 v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).  A court may remand a case sua sponte if it determines, at any time before judgment, that it lacks subject-matter jurisdiction.  See 28 U.S.C. § 1447(c); see also Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 10 (E.D.N.Y. 2005).

 "Under the 'well-pleaded complaint rule,' federal subject matter jurisdiction typically exists only 'when the plaintiff's well-pleaded complaint raises issues of federal law,' and not simply when federal preemption might be invoked as a defense to liability."  See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).

The complete preemption removal doctrine is a limited exception to the well-pleaded complaint rule that allows for removal of a state law claim based on federal preemption.  Id.  It provides that "Congress may so completely pre-empt a particular area [of law] that any civil complaint raising this select group of claims is necessarily federal in character."  Id.

As this court has recently held, the complete preemption removal doctrine does not apply to the FCRA.  <u>Holmes v. Experian Info. Solutions, Inc.</u>, No. 09 Civ. 874 (TPG), 2011 U.S. Dist. LEXIS 112299, at *7 (S.D.N.Y. Sep. 30, 2011) ("[C]ourts have regularly found that the FCRA does not provide a basis for removal of state law claims pursuant to the complete preemption doctrine. . . . This case was improperly removed because the FCRA does not qualify for the complete preemption removal doctrine.").

Plaintiff's complaint does not in any fashion allege the violation of any federal law and defendants cannot rely on the complete preemption removal doctrine to convert plaintiff's state law claim into an FCRA claim. Indeed, plaintiff argues in opposition to dismissal that "[t]he defendants would have the Court believe that this case is about the [FCRA].  It is not.  It is about the defendant not following the Court's orders." Accordingly, defendants' removal based on the FCRA was improper.

## CONCLUSION

This case is hereby remanded to Supreme Court, Bronx County. The Clerk of Court is directed to close this case.

This opinion resolves the motion listed as document number 6 on the docket.

SO ORDERED.

Dated: New York, New York
       November 9, 2011

Thomas P. Griesa
U.S. District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/11
```

- 4 -