UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
MARIA M. GONZALEZ-BLANCO,                        :
                                                 :
                        Plaintiff,               :       11 Civ. 7139 (TPG)
                                                 :
        – against –                              :       **OPINION**
                                                 :
BANK OF AMERICA, N.A., et al.,                   :
                                                 :
                        Defendants.              :
                                                 :
------------------------------------------------x

Defendant FIA Card Services ("FIA") (sued in the complaint as Bank of America, N.A.) removed this case from Supreme Court, Bronx County on October 11, 2011 and moved to dismiss the complaint for failure to state a claim on October 18, 2011. On November 9, 2011, the court remanded this action to Supreme Court, Bronx County. FIA now moves for reconsideration of the court's remand order, raising a new argument in favor of federal jurisdiction – diversity of citizenship.

FIA's motion is denied.

## BACKGROUND

Plaintiff Maria Gonzalez-Blanco, appearing <u>pro se</u>, filed a complaint in Supreme Court, Bronx County, in which she alleges that defendants failed to vacate a default judgment against her in violation of an order of the New York Civil Court, Bronx County. It appears that Gonzalez-Blanco is claiming that the defendants did not promptly voluntarily dismiss their case in accordance with this alleged court order and that

the defendants took more than five years to do so.  Gonzalez-Blanco claims that her employment opportunities were damaged and that she was defamed when information about the default judgment was reported to credit reporting agencies.

FIA removed this case on October 11, 2011, arguing that the complaint, when viewed "in a light most favorable to Plaintiff," arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("the FCRA").  The complaint does not mention the FCRA.

In the caption of her complaint, Gonzalez-Blanco refers to the defendants as "Bank of America N.A. <u>& Their Attorneys</u>" (emphasis added).  In paragraph 2 of her complaint, she indicates that she is suing the law firm of Goldman & Warshaw PC ("Goldman"), which has its principal place of business in New York.  FIA's removal notice did not refer to diversity jurisdiction and did not refer to Goldman.

Shortly after removing the case, FIA moved to dismiss the complaint for failure to state a claim.  In their motion papers, FIA never indicated that the court had diversity jurisdiction over this action.

On November 9, 2011, the court remanded the case to Supreme Court, Bronx County, on the grounds that the complete preemption doctrine does not apply to the FCRA.  Absent such complete preemption, the court determined that it had no subject-matter jurisdiction over the case.

FIA now moves for reconsideration of the court's remand order, arguing that the court has diversity jurisdiction.

## DISCUSSION

A motion for reconsideration should be granted where the court has "overlooked controlling decisions or factual matters that were put before it on the underlying motion which, had they been considered might have reasonably altered the result before the court." Slupinsky v. First Unum Life Ins. Co., No. 99 Civ. 616, 2006 WL 2266569, at *4 (Aug. 7, 2006) (emphasis added). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Hinds County, Miss. v. Wachovia Bank N.A., 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010). A motion for reconsideration should be denied where the party seeking consideration merely raises new arguments and issues it could have raised on the underlying motion. See Vornado Realty Trust v. Castlton Envtl. Contrs., LLC, No. 08 Civ. 4823, 2011 U.S. Dist. LEXIS 132086, at *5 (E.D.N.Y. Nov. 16, 2011).

FIA argues that the court should not have remanded this case, because the court "overlooked" the fact that it had diversity jurisdiction. FIA claims that this result would be consistent with the court's holding in another recent case, Holmes v. Experian Information Solutions, No. 09 Civ. 874 (TPG), 2011 U.S. Dist. LEXIS 112299 (S.D.N.Y. Sept. 30, 2011).

In Holmes, defendant Experian improperly removed the case on the basis of FCRA preemption. The pro se plaintiff never formally moved to remand the case, but did argue in opposition to Experian's summary judgment motion that his claim did not arise under the FCRA. In its motion papers, Experian argued that the court should not remand the case because it had diversity jurisdiction over the case. It was undisputed that the parties in Holmes were from different states and that the amount in controversy requirement was satisfied. The court held that removal based on the FCRA was improper, but it did not remand the case to state court because the court had diversity jurisdiction. See Holmes, 2011 U.S. Dist. LEXIS 112299, at *7-8. The court then granted summary judgment in Experian's favor. Id. at *10-11.

Here, unlike in Holmes, FIA never argued that the court had diversity jurisdiction until the present motion for reconsideration. Thus, FIA is raising a new argument in support of its motion for reconsideration that it failed to raise in support of the underlying motion. FIA's motion can be denied on that basis alone. See Vornado Realty Trust, 2011 U.S. Dist. LEXIS 132086, at *5 (noting that a motion for reconsideration cannot be based on "new arguments and issues"); PAB Aviation, Inc. v. United States, No. 98 Civ. 5952, 2000 U.S. Dist. LEXIS 12201, at *2 (E.D.N.Y. Aug. 24, 2000) ("A party may not advance a new argument in a motion to reconsider; that argument is waived."). If there is indeed diversity, and if FIA had raised the point on the main motion,

there would have been a basis for keeping the case in federal court. But this would have been a case of concurrent federal and state jurisdiction. FIA's silence on the issue of diversity on the main motion contributed to the court's remanding the case to the state court, which undoubtedly has jurisdiction. In other words, diversity does not compel the case to be in federal court.

However, unlike in Holmes, it is not apparent that the court has diversity jurisdiction. Gonzalez-Blanco's complaint names as a defendant the Goldman law firm, which allegedly represented FIA and whose principal place of business is in New York. Apparently that firm has not been served with process. But it is still a party and its citizenship must be considered for diversity purposes. See Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003). Thus there appears to be no complete diversity because both Gonzalez-Blanco and defendant Goldman are citizens of New York.

## CONCLUSION

FIA's motion for reconsideration is denied.

SO ORDERED.

Dated: New York, New York
January 3, 2012

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/3/12